## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Tracy Canada, | Civil Action No. 1:21-cv-03403 |
| Plaintiff, | |
| – against– | **COMPLAINT** |
| Experian Information Solutions, Inc., and Trans Union, LLC, | |
| Defendant(s). | |

## **COMPLAINT**

Plaintiff, Tracy Canada (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Assoc., PLLC, by way of Complaint against Defendants, Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") alleges as follows:

## **INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff, Tracy Canada, is an adult citizen of the state of Montana domiciled in Billings, MT.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Experian is a limited liability company organized and existing under the laws of New York that engages in the business of maintaining and reporting consumer credit information.

5. Defendant Trans Union is a limited liability company organized and existing under the laws of Illinois that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Defendants because Defendants are either domiciled in Illinois and /or continuously do business in Illinois.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside within the state of Illinois as defined under 28 U.S.C. § 1391(c)(2).

## FACTUAL ALLEGATIONS

9. Comenity Bank ("Comenity") issued a credit account ending in 2982 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

10. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about April 10, 2019, Plaintiff and Comenity entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as <u>Exhibit A.</u>

12. Pursuant to the terms of the settlement, Plaintiff was required to make one (1) lump sum payment totaling $665.80 to settle and close her Comenity account.

13. Plaintiff, via counsel, timely made the requisite settlement payment. Proof of payment is attached as <u>Exhibit B</u>.

14. However, two years later, Plaintiff's Comenity account continued to be negatively reported.

15. In particular, on a requested credit report dated April 14, 2021, Plaintiff's Comenity account was reported with a status of "CHARGE OFF," a balance of $1,873.00 and a past due balance of $1,873.00. The relevant portion of Plaintiff's credit report is attached hereto as <u>Exhibit C</u>.

16. This trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled with a $0 balance and must be reported as such.

17. On or about April 15, 2021, Plaintiff notified Defendants directly of a dispute on the Comenity account's completeness and/or accuracy.  This letter and the certified mail receipts are attached hereto as Exhibit D.

18. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Comenity to the Credit Reporting Agencies, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

19. In June of 2021, Plaintiff requested an updated credit report from Defendant credit reporting agencies. The trade line for the Comenity account in question remained inaccurate, as Defendants failed to correct the inaccuracy. The June 2021 credit report is attached hereto as Exhibit E.

20. Experian and Trans Union did not notify Comenity of the disputes by Plaintiff in accordance with the FCRA, or alternatively, did notify Comenity and Comenity failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

21. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA.  These violations occurred before, during, and after the dispute process began with Experian and Trans Union.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

**<u>CLAIM FOR RELIEF</u>**

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. Experian and Trans Union are "consumer reporting agencies" as codified at 15 U.S.C. § 1681a(f).

26. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

27. Experian and Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

28. Experian and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

29. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following forms: lower credit score, denial of

credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loans that would otherwise be affordable and other damages that may be ascertained at a later date.

30. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action all issues so triable

Respectfully Submitted,

_/s/_ _Alexander J. Mikulaschek____
Alexander J. Mikulaschek, Esq.
Attorney for Plaintiff
Law Offices of Robert S.
Gitmeid & Assoc., PLLC
55 W Monroe, Suite 560
Chicago, IL 60601
Tel: (773) 869-5400
Alexander.M@gitmeidlaw.com

6